UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALLINCKRODT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV662 CDP |
| | ) |
| ANDRX LABORATORIES, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Defendants ask that I reconsider my order of remand and award of attorneys' fees. They have provided nothing new, and I see no reason to change my previous order. Plaintiff also seeks a determination of the amount of attorneys' fees. I conclude that the fees plaintiff seeks are reasonable.

### Motion to Reconsider

Defendants argue that they acted in good faith, but the standard is objective reasonableness, not bad faith. To the extent they are trying to advance a "pure heart/empty head" position, I am unconvinced. Defendants continue to ignore a basic premise of contract law: a party cannot avoid liability under a contract simply by assigning the contract to another party. If contract liability could be avoided so easily, contracts would be meaningless.

Defendants also ignore a basic rule of the practice of law: one should use care when accusing another of fraud. A removal accusing a plaintiff of fraudulent joinder is serious, and essentially argues that the plaintiff has not acted in good faith in choosing its defendants. A defendant making such a serious allegation in a contract case ought to be sure it has not ignored such a basic premise of contract law as the one defendants continue to ignore here. There was no objectively reasonable basis for the allegation of fraudulent joinder.

Finally, a party who wrongfully accuses another of fraud ought to think twice about protesting too much about its own "good faith."

Defendants had no objectively reasonable basis for removing this case and claiming fraudulent joinder. I will not change the earlier order.

## Fee Determination

Mallinckrodt has filed a motion to determine amount of attorneys fees. While the fees sought are high, I believe they are reasonable for this sort of litigation. The attorneys' hourly rates are not out of line for business litigation, and the time they spent dealing with the motion to remand (and the motion to stay, which was so related that it is not reasonable to try to sort out one from the other), is reasonable. The parties to this case are not individuals or small business owners: they are sophisticated corporations who do not hesitate to spend money on legal fees, as this

case and the record of the related case shows.  Finally, I will not allow Mallinckrodt additional fees for dealing with the motion to reconsider or the opposition to the fee request, although I believe I would be well within the law to do so.  Thus, Mallinckrodt is not even recovering all of its actual costs resulting from defendants' baseless removal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reconsider [#22] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for determination of attorneys fees [#20] and their motion to amend that motion [#23] are granted, and defendants shall pay plaintiff's attorneys fees in the amount of $14,649.00.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2006.